UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

US        BANK        NATIONAL
ASSOCIATION, As Trustee for
Credit  Suisse  First  Boston
CSFB 2005-11,

       Plaintiff,

v.                                Case No:  2:24-cv-1086-JES-KCD

GREGORY  B.  MYERS,  BARBARA
ANN  KELLY,  UNKNOWN,  Spouse
of   Barbara   Ann   Kelly,
UNKNOWN PARTIES, Any and All
Claiming By, Through, Under,
and Against the Herein Named
Individual    Defendant(s),
SUNTRUST BANK, NAVY FEDERAL
CREDIT   UNION,   FIDELITY  &
DEPOSIT COMPANY OF MARYLAND,
TENANT  1,  the  Names  Being
Fictitious  to  Account  for
Parties   in    Possession,
TENANT  2,  the  Names  Being
Fictitious  to  Account  for
Parties   in    Possession,
TENANT  3,  the  Names  Being
Fictitious  to  Account  for
Parties in Possession,  and
TENANT  4,  the  Names  Being
Fictitious  to  Account  for
Parties in Possession,

       Defendants.

_____

## OPINION AND ORDER

On November 25, 2004, defendant Gregory B. Myers (Myers or

Defendant), through counsel, filed a Notice of Removal (Doc. #1)

removing a state court mortgage foreclosure action to this Court. This matter now comes before the Court on the Motion to Remand and For Attorneys' Fees and Costs (Doc. #20) filed on December 10, 2024, by U.S. Bank N.A. as Trustee for Credit Suisse First Boston CSFB 2005-11 (Plaintiff or U.S. Bank). Myers filed a Response in Opposition to Motion to Remand (Doc. 53) on April 10, 2025, after receiving several extensions of time to respond. For the reasons set forth below, the motion to remand is granted and costs and reasonable attorney's fees are imposed against Myers.

**I.**

This is a mortgage foreclosure action originally filed in the state Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida on December 17, 2009, by U.S. Bank. The Mortgage Foreclosure Complaint (Doc. #5) filed by U.S. Bank sought to foreclose on a Note and Mortgage on 700 N Gulf Shore Boulevard in Naples, Florida.

On September 10, 2015, the state Circuit Court entered Findings of Fact, Conclusions of Law, and Final Judgment of Foreclosure (Doc. #20-1), finding that: (1) U.S. Bank was due $2,753,490.90; (2) U.S. Bank holds a lien for the total sum superior to all other claims as to 700 Gulf Shore Boulevard North; and (3) if not paid, a public sale of the property would take place. (Id. at 41.) Although the amount due was not paid, the

foreclosure sale was delayed for about 9 years due to various legal maneuverings including state and federal appeals, removals and remands to and from federal court, and suggestions of bankruptcy in various states by Myers and/or Barbara Ann Kelly (Kelly), his former wife. The actual sale finally took place on October 24, 2024 (Doc. #1-3 at 38), and an Amended Certificate of Sale (Doc. #20-2) was issued to the purchaser, Tides Note, LLC (Tide Note), on October 29, 2024.

## II.

This is the fourth time Myers has removed the state court foreclosure case to a federal court. The prior three removals were each remanded back to the state circuit court. The current removal also warrants remand to state court, as well as the imposition of attorneys' fees and costs and further restrictions on additional removals.

Myers removed the state foreclosure case for the first time on July 9, 2023, by filing a Notice of Removal in the Fort Myers Division of the Middle District of Florida. Case No. 2:23-cv-504-JES-NPM (M.D. Fla.). On January 25, 2024, the district court issued an Amended Opinion and Order (Id. at Doc. #31) finding that: the removal was untimely; Kelly did not join the removal; under

Rooker-Feldman[1] the Court lacked jurisdiction to review the state
court final judgment; and "[t]here are no independent claims by
defendants to be litigated as the case had concluded before
removal, and plaintiffs are not seeking to have the federal court
litigate a related issue." (Id. at p. 6.)

Myers removed the state court foreclosure case for the second
time on May 13, 2024, by filing a Notice of Removal in the Fort
Myers Division of the Middle District of Florida in Case No. 2:24-
cv-452-JES-KCD (M.D. Fla.). On September 6, 2024, the Court
issued an Opinion and Order (Id. at Doc. #53) noting that the Court
had previously found removal to be untimely and barred, and that
the second case was also due to be remanded. The Court also
restricted further removals of the state court foreclosure case,
Case No. 11-2009-CA-10813, unless the notice of removal was signed
by an attorney licensed to practice law in the State of Florida.
The Court noted that it would entertain a request for fees and
costs if another removal was attempted. (Id.)

Myers removed the state court foreclosure case for the third
time on September 23, 2024, this time to the United States District
Court for the District of Maryland, Case No. 8-24-cv-03082-PX.

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482,
103 S. Ct. 1303, 1315 (1983); Rooker v. Fid. Trust Co., 263 U.S.
413, 415–16, 44 S. Ct. 149, 150 (1923).

The docket in that case shows that the removal was by Kelly and that the removal was "well beyond the 30-day window" for removal. (Doc. #52-1.)  See also 28 U.S.C. § 1446(a) (A notice of removal shall be filed "**in the district court of the United States for the district and division within which such action is pending.**") (emphasis added).

On November 25, 2024, Myers filed his fourth notice of removal, this time through counsel, in the current case. (Doc. #1.)  On December 10, 2024, U.S. Bank filed a Motion to Remand and for Attorneys' Fees and Costs (Doc. #20).  On December 13, 2024, counsel for Myers filed a Motion for Transfer of Venue to the United States District Court for the Northern District of Florida to be Automatically Referred to the United States Bankruptcy Court for the Northern District of Florida (Doc. #23).[2]  The motion was denied by this Court because the automatic bankruptcy stay provisions did not apply, and in any event, that matter had been transferred to the Middle District of Florida.  (Doc. #28.)  Counsel filed an interlocutory Notice of Appeal (Doc. #29) from the Order, which the Eleventh Circuit dismissed for lack of jurisdiction.  (Doc. #35.)  On February 20, 2025, the Court

_____

[2] On November 8, 2024, non-party 700 Trust filed a Chapter 11 voluntary petition in the Northern District of Florida.  See Case No. 24-10230-KKS.

directed Myers and Kelly to file a response to the pending motion to remand by February 27, 2025.  (Doc. #36.)

Instead, on February 27, 2025, counsel for Myers filed a Suggestion of Bankruptcy (Doc. #38) because Myers filed another voluntary petition for bankruptcy protection, this time in the District of Columbia.[3]  Counsel also filed a separate Motion for Enlargement of Time (Doc. #39) to respond to the motion for remand. An enlargement of time was granted to Myers and to Kelly through March 26, 2025. (Doc. #43.)  The District of Columbia bankruptcy case was dismissed, counsel sought another extension of time to respond, and the deadline was extended through April 10, 2025. (Docs. #48, #51.)  On April 10, 2025, counsel filed a Response in Opposition (Doc. #53) on behalf of Myers.  Ms. Kelly did not file a response.

Non-party Tides Note, as the prevailing bidder at the foreclosure sale in the underlying state court litigation, filed a Motion to Dismiss, or Alternatively, Remand (Doc. #12) on November 27, 2024, and U.S. Bank filed a Response (Doc. #21) on December 10, 2024, agreeing that remand was appropriate.  On March 19, 2025, Tides Note filed a Supplemental Request for Intervention and Request for Expedited Treatment Per 3.01(e) (Doc. #45) asking

---

[3] See Case No 25-00069-ELG.

that the motion be treated as a supplemental request for intervention *nunc pro tunc* to the prior filings.  No objection or response was filed to the Motion to Dismiss or Remand, or to the request for intervention.  While the Court will construe Tides Note's Motion to Dismiss to include a motion to intervene, both will be denied because the matter will be fully resolved on the motion to remand by U.S. Bank.

### III.

U.S. Bank argues that the case must be remanded to state court because: (1) the notice of removal fails to sufficiently plead diversity jurisdiction; (2) Myers is a forum defendant who is now barred from removal; (3) there is no indication that all defendants agreed to the removal; (4) the removal is untimely; (5) a "counterclaim" asserted by Myers cannot confer federal question jurisdiction; (6) the case is not removable under bankruptcy law; and (7) the case is not removable under Section 1442.  Several of these arguments were previously raised and resolved in favor of U.S. Bank.  US Bank Nat'l Ass'n v. Kelly, 2024 WL 260988, at *1 (timeliness; unanimity rule); US Bank Nat'l Ass'n v. Myers, 2024 WL 4100346, at *1 (counterclaim not a basis for removal).  The Court addresses each point in turn.

### A. Failure to Plead Diversity Jurisdiction

U.S. Bank argues that the Notice of Removal fails to adequately plead diversity jurisdiction because it fails to identify the citizenship of all parties to the action.  (Doc. #20, p. 3.)  It is true that the Notice of Removal fails to identify the citizenship of all parties to the action, but this is a procedural defect which would typically be allowed to be corrected (if it could be) pursuant to 28 U.S.C. § 1653.  The Court declines to remand the case based on this procedural defect in pleading.

### B. Removal by a Forum Defendant

U.S. Bank argues that even if diversity jurisdiction is present, the case must be remanded to state court because Myers identifies himself as a Florida citizen and as such is barred from removing the case under 28 U.S.C. § 1441(b)(2).

Under the "forum defendant rule", a case otherwise removable based on the diversity of the parties "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  See also Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Snapper, Inc. v. Redan, 171 F.3d 1249, 1258 (11th Cir. 1999).  This however is a procedural issue, not a jurisdictional one, that is waivable.  Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998).  The Court

recognizes that the issue has not been waived, and remand is appropriate on this basis.

### C. Failure to Show Unanimity

U.S. Bank argues that Myers has failed to show that all defendants have consented to the removal. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008); Henry v. Examworks, Inc., No. 20-12268, 2021 WL 3440698 (11th Cir. Aug. 6, 2021) ("Under the unanimity rule, all defendants must consent to and join a notice of removal."). There is no indication in the record that all the defendants have joined in the removal. Therefore, remand is appropriate on this basis.

### D. Timeliness of Removal

This action commenced in state court on December 17, 2009. U.S. Bank asserts that the deadline to remove based on diversity jurisdiction therefore expired on December 17, 2010. "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has

acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).  "The untimeliness of a removal is a procedural issue, not a jurisdictional defect." DeBose v. Ellucian Co., L.P., 802 F. App'x 429, 432 (11th Cir. 2019) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010)).  The record in this case establishes that more than one year has expired, the untimeliness of the removal has not been waived, and removal is therefore not permitted.

### E. Counterclaim

Counsel for Myers argues that the Court has subject matter jurisdiction because it has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," 28 U.S.C. § 1334(b), and may be removed on this basis, 28 U.S.C. § 1452(a). "There can be no legitimate dispute that this Court possesses 'related to' jurisdiction over this case given that 700 TRUST Bankruptcy Case implicating the property at issue in the Foreclosure Action." (Doc. #53 at 6.)  This argument is made even though 700 Trust was never a party in this case.  The November 8, 2024, transfer of the foreclosed property to 700 Trust and its filing for bankruptcy protection in the Northern District of Florida occurred on the same day *after* the final judgment and *after* the certificate of sale were issued.

Counsel also suggests that both a federal question and diversity are present in the Counterclaim. The "Counterclaim" was never filed in the state case and cannot be presented on removal for the first time by reference to another case where it is the operative pleading. <u>See</u> 2:24-cv-370-JES-KCD. In any event, the Counterclaim cannot serve as a basis for removal. <u>Home Depot U.S.A., Inc. v. Jackson</u>, 587 U.S. 435, 442 (2019) ("Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action.").

### F. Other Arguments

Counsel argues that the action is "arguably removable" under 28 U.S.C. § 1442(a)(2) because it was instituted in state court, directed to the holder of a property right derived from a federal officer, and the action would "affect" the validity of a federal law based on the Consent Order issued by the United States Bankruptcy Court in Maryland. (Doc. #1 at 4; Doc. #53 at 7.) Under Section 1442(a):

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> **(1)** The United States or any agency thereof or
> any officer (or any person acting under that
> officer) of the United States or of any agency
> thereof, in an official or individual
> capacity, for or relating to any act under
> color of such office or on account of any
> right, title or authority claimed under any
> Act of Congress for the apprehension or
> punishment of criminals or the collection of
> the revenue.
>
> **(2)** A property holder whose title is derived
> from any such officer, where such action or
> prosecution affects the validity of any law of
> the United States.

28 U.S.C. § 1442(a). "The purpose of the removal statute is to prevent federal officers or persons acting under their direction from being tried in state courts for acts done within the scope of their federal employment." <u>Peterson v. Blue Cross/Blue Shield of Texas</u>, 508 F.2d 55, 58 (5th Cir. 1975)[4]. Under subsection (2), Mr. Myers would have to show that the property was derived from an officer of the United States and property must affect the validity of any law of the United States. Counsel does not expand on how this could possibly provide a basis for jurisdiction as no federal officer, or the validity of a federal law, is involved.

Counsel also argues that "[b]ecause no order has been entered "terminating [the] stay" in the 700 TRUST Bankruptcy Case, the

---

[4] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

time period contained in subsection (B) of Rule 9027(a)(2) has yet to expire." (Doc. #53 at 8.)  However, this blatantly ignores the explicit Interim Order Granting, In Part, *Interested Parties' Exigent Motion to Confirm Automatic Stay Does Not Apply to Certain Pending Matters, to Dismiss This Case for Violating Existing Filing Injunctions, and for Sanctions Against the Beneficiaries of the Debtor and Counsel* and Providing Notice to Certain Courts and Clerks (Doc. #27-2) issued by the Northern District of Florida Bankruptcy Court[5] on December 20, 2024:

> 3. The automatic stay imposed by 11 U.S.C. § 362(a) upon the filing of the Petition in the instant case DOES NOT APPLY to the Naples property (700 Gulf Shore Boulevard North, Naples, Florida), or the Naples Litigation (pending litigation in state and federal courts arising from and related to the Naples property).
>
> ….
>
> 5. **NOTICE TO JUDGES AND CLERKS OF COURT: THE AUTOMATIC STAY OF 11 U.S.C. § 362(a) DOES NOT APPLY WITH REGARD TO THE BELOW-LISTED ACTIONS:**
>
> a. *Myers v. Naples Golf and Beach Club*, No. 1:24-cv-03127 (D.C. Cir. 2024);

---

[5] The case was thereafter transferred to the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, because "permitting this case to remain in this district would facilitate Debtor's, its Trustees', and its counsel's continued, well-demonstrated mockery of and disdain for the entire judicial system. In re 700 Tr., No. 24-10230-KKS, 2025 WL 77751, at *6 (Bankr. N.D. Fla. Jan. 10, 2025).

b. *U.S. Bank Nat'l Assoc. v. Kelly et al.*, No. 11-02009-CA-010813 (Fla. 20th Cir. Ct. 2009);

c. *U.S. Bank Nat'l Assoc. v. Kelly*, No. 8:24-cv-03082-PC (D. Md. 2024);

d. ***U.S. Bank Nat'l Assoc. v. Kelly*, No. 2:24-cv-01086 (M.D. Fla. 2024);** and

e. *Myers v. U.S. Bank Nat'l Assoc. and Deluca Law* Group, No. 2:24-cv-00370-JES-KCD (M.D. Fla. 2024).

(Doc. #27-2.)  This was memorialized a week later by Memorandum Opinion and Final order.  In re 700 Tr., No. 24-10230-KKS, 2024 WL 5242058, at *7 (Bankr. N.D. Fla. Dec. 27, 2024) (emphasis added) (citing In re Kelly, 656 B.R. 541 (Bankr. D. Md. 2023)).  The automatic stay is not in place as to the removed state action and the bankruptcy filing by 700 Trust did not stop the clock for removal purposes.  The bankruptcy filing of 700 Trust has since been dismissed with prejudice prohibiting any further bankruptcy cases effective upon the Order in the Maryland Bankruptcy becoming final.  The automatic stay was deemed "no longer in effect."  In re 700 Trust, 2:25-bk-0051-FMD, Doc. #141 (Bankr. M.D. Fla. May 12, 2025).

Counsel argues that "[t]he Rooker-Feldman doctrine does not apply. Mr. Myers is not asking this Court to overturn a state court judgment; rather, he is seeking to enforce the terms of the Consent Order."  (Doc. #53 at 9.)  No matter how counsel phrases it, the

*removed* case was limited to the foreclosure of real property and the Consent Order was not issued in this state action. The Maryland Bankruptcy Court order was an agreement between the parties to allow appeals in the state court to proceed before foreclosure. It is unclear how counsel could rely on the order to remove the foreclosure action after all appeals have been resolved and the property sold.

> The Consent Order was issued based on the parties' agreement to deposit funds into the Registry as protection payments and is more akin to a 'security interest', which is a lien created by agreement. 11 U.S.C. § 101(51). See, e.g., In re Nichols, 265 B.R. 831, 835 (B.A.P. 10th Cir. 2001) (the origin of lien was consensual and did not become judicial lien); In re Cunningham, 478 B.R. 346, 358 (Bankr. N.D. Ind. 2012) ("the fact that the state court judgment later recognized the lien and empowered the Harlans to enforce it does not change its character to a judicial lien.") The Court agrees that the Consent Order is not and never was a judicial lien, but only an agreement ratified by the Court. The parties entered into the agreement and the Court approved the Order to allow funds to be deposited into the registry. Nothing more. The appeals are over and therefore the purpose of the Consent Order is complete and the terms fulfilled.

In re Myers, No. 2:21-BK-00123-FMD, 2023 WL 5697379, at *4 (M.D. Fla. Sept. 5, 2023), appeal dismissed sub nom. In re Myers, No. 23-13409, 2025 WL 1113148 (11th Cir. Apr. 15, 2025).

Lastly, counsel argues that the "federal action" could not be filed until after the state case was over.  "Here, the Counterclaim and Demand for Jury Trial remained pending and unresolved on the date this action was removed to this Court on November 25, 2024." (Doc. #53 at 10.)  Counsel acknowledges the state case was over while also arguing that the "Counterclaim" remains unresolved.  It may be unresolved, but that is a matter in another case in the form of an Amended Complaint.  The "Counterclaim" is not pending in *this* case.

**IV.**

U.S. Bank seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c) for the removal of the case.  (Doc. #20 at 8.)  Under Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "There is no presumption in favor of awarding attorney's fees and costs under Section 1447(c)."  MSP Recovery Claims, Series LLC v. Hanover Ins. Co., 995 F.3d 1289, 1296 (11th Cir. 2021) (citations omitted).

Counsel did not respond to this aspect of the motion.  Having determined that remand is appropriate, counsel will be provided an opportunity to respond on the issue of fees.  U.S. Bank will have

the opportunity to reply. The motion is otherwise under advisement.

Accordingly, it is hereby

**ORDERED:**

1. Tides Note's Supplemental Request for Intervention and Request for Expedited Treatment Per 3.01(e) (Doc. #45) is **DENIED.**

2. Tides Note's Motion to Dismiss, or Alternatively, Remand (Doc. #12) is **DENIED.**

3. Tides Note's Motion for Expedited Treatment Per 3.10(e) (Doc. #54) is **DENIED** as moot.

4. U.S. Bank's Motion to Remand and for Attorneys' Fees and Costs (Doc. #20) is **GRANTED** as to the motion to remand and **under advisement** on the issue of fees.

5. The case is remanded to the Collier County Circuit Court for all further proceedings. The Court retains jurisdiction to determine attorney fees and costs only. The Clerk shall transmit the record, terminate all deadlines and motions, and close the file.

6. Counsel for Mr. Myers shall file a response on the issue of attorney fees within **FOURTEEN (14) DAYS** of this Order. U.S. Bank may file a reply within **SEVEN (7) DAYS** of the response being filed.

7.  The Clerk shall not accept any other Notice of Removals or assign a new case number stemming from the Collier County Court, Case Number 11-2009-CA-10813, from or involving Gregory B. Myers and Barbara Ann Kelly, separately or together, *pro se* or through an attorney licensed to practice.

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of August 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record